RECORD NO. 13-4865

_____

**IN THE**

# United States Court of Appeals
### FOR THE FOURTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PIERRE WARREN,

Defendant-Appellant.

_____

On Appeal from the United States District Court for
Western District of Virginia, Roanoke Division
The Honorable District Judge Samuel G. Wilson, presiding.
Criminal No. 7:12-cr-00042-SGW-10

_____

**Brief for Appellant Pierre Lacoste Warren**
_____

Daniel K. Dorsey, VSB #43359
400 Fifth Street, N.W., # 300
Washington, D.C. 20001
202-347-9000
Dorseylaw@aol.com
Appellant Counsel for Warren
Court Appointed

## Certificate as to Parties, Rulings, and Related Cases

i.     **Parties and Amici**:

The parties to this appeal are Pierre Lacoste Warren ("Warren"), appellant, and the United States of America, ("government"), appellee.  The same parties appeared in the district court.  There are no intervenors or amici.

ii.    **Rulings Under Review**:

Warren appeals the findings of the district court during the plea colloquy and sentencing.

iii.   **Related Cases**:

Warren is not aware of any related cases currently pending in this court or in any other court.

# Table of Contents

**Page**

Certificate as to Parties, Rulings and Related Cases…………………………………ii

Table of Authorities………………………………………………………………..iv

Statement of Subject Matter and Appellate Jurisdiction..…………………………1

Statement of the Issue………………………………………………………………3

Statement of the Case………………………………………………………………4

Statement of the Facts………………………………………………………………6

Summary of the Argument…………………………………………………………..10

Argument……………………………………………………………………………11

I.  The district court failed to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure in the taking of the guilty plea……………11

A.  Standard of Review…………………………………………………………11

B.  Argument…………………………………………………………………...11

II.      The district court committed plain error in sentencing Warren to serve sixty (60) months imprisonment on each of the two counts with these sentences running concurrent to each other………………….…………………………………15

A.  Standard of Review…………………………………………………………15

B.  Argument…………………………………………………………………...16

Conclusion…………………………………………………………………………...18

Certificate of Compliance & Service………………………………………19, 20

# Table of Authorities

**Cases**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page**

*Anders v. Callifornia*,
　　386 U.S. 738 (1967)……………………………………………………..5, 18

*Boykin v. Alabama*,
　　395 U.S. 238, 244 (1969)…………………………………………..12

*McCarthy v. United States*,
　　394 U.S. 459 (1969)………………………………………………..12

*United States v. Booker*,
　　543 U.S. 220 (2005)……………………………………………15, 16

*United States v. DeFusco*,
　　949 F.2d 114 (4th Cir. 1991), *cert. denied*, 112 S.Ct. 1703 (1992). .11, 12, 14

United *States v. Hughes*,
　　401 F.3d 540 (4th Cir. 2005)…………………………………...15, 16

*United States v. Martinez*,
　　277 F.3d 517 (4th Cir.), *cert. denied*, 537 U.S. 899 (2002)……………11, 14

*United States v. Mitchell*,
　　104 F.3d 649 (4th Cir. 1997)………………………………………14

*United States v. Morrow*,
　　914 F.2d 608 (4th Cir. 1990)……………………………………..12

*United States v. Moreland*,
　　437 F.3d 424 (4th Cir. 2006)………………………………………16

*United States v. Porter*,
　　909 F.2d 789 (4th Cir. 1990)………………………………………15

*United States v. Riascos-Suarez,* 73 F.3d 616
　　(6th Cir.), *cert. denied,* 117 S. Ct. 136 (1996)………………………………13

**Statues, rules, and other:** **Page**

18 U.S.C. § 1956(a)(1)(B)(i)………………………………………………1

18 U.S.C. § 1956(a)(1)(A)(i)………………………………………………1

18 U.S.C. § 1956………………………………………………………...9

18 U.S.C. § 1956(a)(1)(A)(i)……………………………………1, 4, 6

18 U.S.C. § 1956(a)(1)(B)(i)……………………………………1, 4, 6

18 U.S.C. § 1956(h)…………………………………………………1, 4, 6

18 U.S.C. § 3553(a)……………………………………………...15, 17

18 U.S.C. § 3742…………………………………………….............2

21 U.S.C. § 841(a)(1)………………………………………1, 2, 4, 6

21 U.S.C. § 841(b)(1)(A)……………………………………1, 4, 6

21 U.S.C. § 841(B)(1)(D)……………………………………...1, 2

21 U.S.C. § 846…………………………………………………1, 4, 6

Fed. R. Crim. P. 11……………………………….3, 10, 11, 12, 14, 15

United States Sentencing Commission, *Guideline Manual*, (2012)……………8, 16

U.S.S.G. § 2D1.1(b)(16)……………………………………………9

U.S.S.G. § 2D1.1(c)(4)……………………………………………8

U.S.S.G. § 2S1.1(b)(2)(B)……………………………………………9

U.S.S.G. § 3D1.2(d)………………………………………………………………8

U.S.S.G. § 3E1.1(a)………………………………………………………………9

U.S.S.G. § 3E1.1(b)………………………………………………………………9

U.S.S.G. § 5C1.2(a)(1) – (5)……………………………………………………9

U.S.S.G. Chapter 5, Part A……………………………………………………...9

## Statement of Subject Matter and Appellant Jurisdiction

Subject matter jurisdiction is based on a seven count indictment involving Warren and ten other co-defendants in the district court for the Western District of Virginia, Roanoke Division.   The indictment charged a conspiracy to distribute and possess with intent to distribute one thousand kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846 – Count One; knowingly and willfully combined, conspired, confederated and agreed, with person known and unknown to the Grand Jury, to commit certain offenses under 18 U.S.C. § 1956(a)(1)(B)(i) and § 1956(h) – Count Two; knowingly and willfully combined, conspired, confederated and agreed, with person known and unknown to the Grand Jury, to commit certain offenses under 18 U.S.C. § 1956(a)(1)(A)(i) and § 1956(h) – Count Three; knowingly and willfully distributed a measurable quantity of a mixture of substance containing a detectable amount of marijuana, a Schedule I controlled substance under 21 U.S.C. § 841(a)(1) and (B)(1)(D) – Count Four; knowingly and willfully distributed a measurable quantity of a mixture of substance containing a detectable amount of marijuana, a Schedule I controlled substance under 21 U.S.C. § 841(a)(1) and (B)(1)(D) – Count Five; knowingly and willfully distributed a measurable quantity of a mixture of substance containing a detectable amount of

1

marijuana, a Schedule I controlled substance under 21 U.S.C. § 841(a)(1) and

(B)(1)(D) – Count Six; and knowingly and willfully distributed a measurable

quantity of a mixture of substance containing a detectable amount of marijuana, a

Schedule I controlled substance under 21 U.S.C. § 841(a)(1) and (B)(1)(D) –

Count Seven.

Warren was charged in Counts One, Two, and Three.

Jurisdiction in the Court of Appeals is based on 18 U.S.C. § 3742 and 28

U.S.C. § 1291.

Warren pled guilty to Counts One and Two on February 11, 2013, with the

other count charged against him, being dismissed as part of an executed plea

agreement, at sentencing.

Warren was sentenced on May 13, 2013, and the judgment against him was

entered on May 22, 2013.

This appeal is from the final order of the district court and Warren filed his

notice of appeal on October 31, 2013.

**Statement of the Issue**

I.   Did the district court fail to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure in the acceptance of Warren's guilty plea?

II.  Did the district court commit plain error in sentencing Warren to serve two concurrent sentences of sixty (60) months imprisonment?

## Statement of the Case

Warren was charged, with ten other co-defendants, in a seven-count indictment filed May 24, 2012. With respect to the seven counts, Warren was charged in three of the counts, which were as follows:

- Count One - conspiracy to distribute and possess with intent to distribute one thousand kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846;

- Count Two – knowingly and willfully combined, conspired, confederated and agreed, with person known and unknown to the Grand Jury, to commit certain offenses under 18 U.S.C. § 1956(a)(1)(B)(i) and § 1956(h); and

- Count Three – knowingly and willfully combined, conspired, confederated and agreed, with person known and unknown to the Grand Jury, to commit certain offenses under 18 U.S.C. § 1956(a)(1)(A)(i) and § 1956(h).

(Dkt. # at 3 – 5/24/12).[1]

On February 11, 2013, he appeared before the district court with counsel and pled guilty, under the terms of an executed plea agreement, to Counts One and Two. Count Three was dismissed as part of the agreement. (Dkt. # at 256, 261, and 262).

---

[1] "Dkt. #" refers to the trial court docket numbered entries; "Plea Tr." refers to the Plea Hearing Transcript dated February 11, 2013; and "Sent. Tr." refers to the Sentencing Hearing Transcript dated May 13, 2013.

On May 13, 2013, Warren was sentenced to serve sixty (60) months on each of the two counts with the sentences running concurrent to each other and thereafter he was to be on three (3) years of supervised release. (Dkt. at # 331).

Warren filed a notice of appeal on October 31, 2013. (Dkt. at # 400).

Counsel has reviewed the record of this case, researched any potential issues and found them to have no merit.  Therefore, this brief is submitted pursuant to *Anders v. California,* 386 U.S. 738 (1967).

## Statement of the Facts

Pierre L. Warren and ten other co-defendants were charged in a seven count indictment, filed on May 24th, 2012.  Warren was charged with three of the seven counts, as follows:

- Count One - conspiracy to distribute and possess with intent to distribute one thousand kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846;

- Count Two – knowingly and willfully combined, conspired, confederated and agreed, with person known and unknown to the Grand Jury, to commit certain offenses under 18 U.S.C. § 1956(a)(1)(B)(i) and § 1956(h); and

- Count Three – knowingly and willfully combined, conspired, confederated and agreed, with person known and unknown to the Grand Jury, to commit certain offenses under 18 U.S.C. § 1956(a)(1)(A)(i) and § 1956(h).

(Dkt. at # 3).

On February 11, 2013, he appeared before the district court with counsel and pled guilty to Counts One and Two. (Dkt. at # 256, 261, and 262). The remaining Count Three was dismissed at sentencing as part of the plea agreement. (Sent. Tr. at 63)  The following facts were presented at the plea and Rule 11 hearing and agreed to by Warren, with the Honorable Samuel G. Wilson, United States District Judge presiding.

6

According to the government's proffer facts during the plea, the events occurred up through 2012 in the Western District and then across the Eastern District of Virginia as well. The government's investigation was primarily during the time periods from 2008 through 2010. (Plea Tr. at 29).

According to the government, the members of the conspiracy were involved in importing marijuana in bulk from California via various shippers, i.e., UPS, FedEx, and possibly the U.S. Post Office. The members of the conspiracy would find individuals and rent their addresses to receive packages sent from California. When a 30-pound package of marijuana arrived, the members of the conspiracy came around, picked up the package, and paid the individual for the use of their address. Thereafter, the marijuana was broken down and distributed for sale at street level, by the members of the conspiracy. (Plea Tr. at 29 – 30).

According to the facts presented by the government, a bulk of cash was needed for payments to the California and Jamaica connections. To deal with the cash, some of the conspirators were involved in moving bulk cash. These individuals went through a number of methods to move large amounts of money. Initially, the conspirators sent packages of cash through UPS. Another method was to utilize a number of nominee bank accounts wherein the conspirator opened a bank account and money was deposited. Once the money was deposited, it was

immediately withdrawn in California as payment.  A further method was wire

transfers. The conspirators would wire money under the reporting threshold to

various addresses in California or, again, in Jamaica. (Plea Tr. at 30).

According to the government, the leader and brains behind the conspiracy

was co-defendant Cynthia Little.  Additionally, a number of the participating

conspirators were family members.  With respect to Warren, he was fairly close to

Little and was involved in a lot of the money transactions. As an example, the

government's evidence showed that Warren wired a total of $121,000, in 2009,

with a bank account showing Warren depositing $113,000 and then $111,000 was

immediately withdrawn in California.  Warren was also involved in taking other

people to do wire transfers. Warren either directly or indirectly assisted with the

picking up the packages, the spliting up the marijuana, and Warren had a lot of

contact with Little.  Accordingly, this was essentially Warren's role, as proffered

by the government during the plea hearing. (Plea Tr. at 30 – 31).

Prior to Sentencing, a presentence report, ("PSR"), was prepared by the

probation officer based upon the United States Sentencing Commission, *Guideline*

*Manual*, (2012).  According to the PSR, Counts One and Two were grouped

together for guideline calculation purposes.  *See* U.S.S.G. § 3D1.2(d).  The PSR set

the base offense level at 32.  *See* U.S.S.G. § 2D1.1(c)(4).

8

Because Warren had been convicted under 18 U.S.C. § 1956, two levels were added, *see* U.S.S.G. § 2S1.1(b)(2)(B).  However, Warren met the criteria set fourth in U.S.S.G. § 5C1.2(a)(1) – (5), so two levels were subtracted.  *See* U.S.S.G. § 2D1.1(b)(16).  Pursuant to U.S.S.G. § 3E1.1(a) and (b), Warren also received a three level reduction for acceptance of responsibility.  Thus, Warren's total offense level was 29.

Warren had no criminal history, so his total of the criminal history points was calculated to be zero (0), which placed Warren in Criminal History Category I, according to the sentencing table in U.S.S.G. Chapter 5, Part A.

The final guideline range for imprisonment was eighty-seven (87) to one-hundred and eight (108) months. (Sent. Tr. at 5 – 6).

No objections were filed with the district court.  (Sent. Tr. at 5).  The district court sentenced Warren to two sixty (60) months of incarceration with each sentence to be served concurrently to each other and then three (3) years of supervised release.  (Sent. Tr. at 61 – 64).

Warren filed an appeal, (Dkt. # at 400).

9

## Summary of the Argument

### I.

Warren asserts that the district court violated the provisions of Fed. R. Crim. P. 11 in accepting his guilty plea. A review of the transcripts of the Rule 11 hearing and the sentencing hearing leads to the conclusion that the district court complied with the requirements of Rule 11. There was no plain error in the district court's acceptance of Warren's guilty plea.

### II.

Warren also contends that the district court erred when it sentenced him to sixty (60) months imprisonment on both counts and ordered the sentences to run concurrent. A review of the record reveals that Warren was sentenced below a properly calculated advisory sentencing range and that the sentences are not unreasonable.

**Argument**

**I.     The district court failed to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure in the acceptance of Warren's guilty plea.**

### A. Standard of Review

Warren did not seek to withdraw his guilty plea in the district court; therefore, this Court reviews for plain error.  *See United States v. Martinez*, 277 F.3d 517, 527 (4th Cir.), *cert. denied*, 537 U.S. 899 (2002).

### B.  Argument

Warren appeared before the district court with counsel on February 11, 2013, and pled guilty to two counts in the seven count indictment. (Plea Tr. at 34). Rule 11 of the Federal Rules of Criminal Procedures sets forth the requirements and procedures for the acceptance of a guilty plea in a federal criminal case.  Prior to accepting a guilty plea, the trial court is required to address the defendant personally in open court and it "must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights." *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991), *cert. denied*, 112 S.Ct. 1703 (1992).  The purpose of these requirements is to insure that a defendant

11

knowingly and voluntarily enters his guilty plea and that a record of the proceeding is preserved as evidence of the validity of the plea. *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969), and *McCarthy v. United States*, 394 U.S. 459, 465 (1969). Additionally, Fed. R. Crim. P. 11(b)(3) provides that "before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." *DeFusco*, 949 F.2d at 120. Thus, the rule requires the trial court to make clear exactly what the defendant admits to and whether those admissions are factually sufficient to constitute the alleged crime.

Before a court may enter judgment on a plea of guilty, it must find a sufficient factual basis to support the plea. *See* Fed. R. Crim. P. 11(b)(3); *United States v. Morrow*, 914 F.2d 608, 611 (4th Cir. 1990). In fact, Rule 11(b)(3) provides specifically that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." In order to comply with Rule 11(b)(3), a district court need not replicate the trial that the parties sought to avoid. *See Morrow*, 914 F.2d at 611. Rather, it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense. *Id*. The district court possesses wide discretion in determining whether a sufficient factual basis exists, and its acceptance of a guilty plea will be reversed only for an abuse of that discretion. *Id*. at 611, 613.

Additionally, if the evidence presented is sufficient to demonstrate that the defendant committed the elements of the charged offenses, acceptance of the plea clearly does not constitute an abuse of discretion. *See Id.* at 613; *United States v. Riascos-Suarez,* 73 F.3d 616, 624 (6th Cir.), *cert. denied,* 117 S. Ct. 136 (1996). The court "may conclude that a factual basis exists from anything that appears on the record." *DeFusco*, 949 F.2d at 120.

In the present case, a thorough review of the record of the guilty plea hearing shows that the district court: (1) personally addressed Warren; (2) received his answers under oath and confirmed that he was aware of being charged with perjury for answering falsely; (3) asked him if he was under the influence of any alcohol or drug; (4) asked Warren's attorney if there was any question as to Warren's competence to enter a guilty plea; (5) asked Warren if he was satisfied with his attorney's representation; (6) informed Warren of his right to a jury trial and matters related to his right to put the government to its burden of proof, to testify or not, and to subpoena witnesses; (7) published the charges in the indictment; and (8) informed Warren of the elements of the offense as well as the statutory maximum punishment. (Plea Tr. at 5 – 34).

Warren told the court that he agreed with the government's oral summary of the evidence against him. (Plea Tr. at 33).

13

The district court also advised Warren about sentence guidelines and the effect that they might have on his case. (Plea Tr. at 35).

Based upon the observation of Warren as well as his responses, the district court found a factual basis for the plea, and accepted the guilty plea. (Plea Tr. at 34 – 35).

Rule 11(b)(3) does not concern the acceptance of a guilty plea. Instead, the Rule provides that the court should enter a "judgment" without satisfying itself that there is a factual basis for a plea. Thus, a sufficient factual basis must have been present by the time of sentencing, when judgment was entered, and not exclusively at the guilty plea hearing. *See Martinez*, 277 F.3d at 531; *United States v. Mitchell,* 104 F.3d 649, 651 (4th Cir. 1997).

Rule 11 does not set forth a specific method for the proper way to take a guilty plea. "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant. The manner of ensuring that the defendant is properly informed is committed to the good judgment of the district court […]." *DeFusco,* 949 F.2d at 116.

Warren did not move to withdraw his guilty plea before the district court. A review of the record leads to the conclusion that the district court fully complied

14

with the provisions of Rule 11 when it conducted Warren's guilty plea hearing, and the district court did not commit error.

**II.    The district court committed plain error in sentencing Warren to serve sixty (60) months imprisonment on each of the two counts with those sentences running concurrent to each other.**

**A. Standard of Review**

This Court has held that it lacks authority to review the district court's decision to sentence a defendant within a correctly calculated guideline sentence range, even at the high end of the range, which is also within the statutory maximum penalty. *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the sentencing court is required to calculate the appropriate advisory guideline range after making any necessary findings of fact, and consider the range in conjunction with all relevant factors under the guidelines and 18 U.S.C. § 3553(a) (West 2000 & Supp. 2006), before imposing a sentence. See United *States v. Hughes*, 401 F.3d 540, 547 (4th Cir. 2005). In reviewing a sentence post-*Booker*, this Court must determine whether the sentence is "within the statutorily prescribed range and is reasonable." *United States v. Hughes*, 401 F.3d at 547 (citations omitted).

**B. Argument**

Warren's PSR was prepared in accordance with United States Sentencing Commission, *Guidelines Manual*, (2012). The PSR set his guideline range at eighty-seven (87) to one hundred and eight (108) months. (Sent. Tr. at 5 – 6). This advisory sentence range is not higher than the maximum authorized by the facts set out in the indictment.

According to *Booker* a district court is required to calculate the applicable guideline range, using those facts that are determined by a jury beyond a reasonable doubt or admitted by the defendant, and consider that a range, as advisory, along with the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine a reasonable sentence. *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). "A sentence that falls within the properly calculated advisory guideline range is entitled to a rebuttal presumption of reasonableness." See *United States v. Moreland*, 437 F.3d 424, 433 (4th Cir. 2006).

Warren was sentenced to sixty (60) months on each count he had previously pled guilty, (i.e., Counts One and Two), and the Court then made the two sentences concurrent to each other. The imprisonment sentence did not exceed the maximum allowed by guidelines or the statute, nor did the period of supervised release exceed the guideline or statutory maximum. The district court correctly determined the applicable sentencing range under the guidelines and decided to sentence Warren, in the court's discretion after considering the guidelines and the

16

factors in 18 U.S.C. § 3553(a), to a term of imprisonment below the properly calculated range. (Sent. Tr. at 61 – 62).

The district court informed Warren of the nature of supervised release, the conditions, and the consequences of a violation of the terms of supervised release. (Sent. Tr. at 63 – 64).

Counsel is of the opinion that because the sentence imposed cannot be shown to be unreasonable and, in fact, it is very reasonable. It is counsel's opinion that the district court did not commit error in imposing Warren's sentence below the advisory guideline range.

## Conclusion

In accordance with the requirements of *Anders v. California*, 386 U.S. 738 (1967), appointed counsel has reviewed the facts and legal issues of this case. It is counsel's opinion that there were no legal issues that were not properly raised or disposed of by the district court, and there are no grounds for an appeal in this case to the Court of Appeals.

A copy of this brief has been served on Appellant Warren.

Respectfully submitted:

/s/Daniel K. Dorsey_____
Daniel K. Dorsey, VSB #43359
400 Fifth Street, N.W., # 300
Washington, D.C. 20001
202-347-9000
Dorseylaw@aol.com
Appellant Counsel for Warren
Court Appointed

## Certificate of Compliance

This brief has been prepared using fourteen point, proportionally spaced, serif typeface Times New Roman and the software Microsoft Word X for Mac, and complies with FRAP 32(a)(7)(B)(C).

EXCULSIVE of the corporate disclosure statement; table of contents; statement with respect to oral argument; any addendum containing statutes, rules or regulations: and the certificate of service, the brief containing:

3268  Words.

I understand that a material representation can result in the Court's striking the brief and imposing sanctions.  If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

/s/Daniel K. Dorsey_____
Daniel K. Dorsey, VSB #43359
Appellant Counsel for Pierre L. Warren

19

# CERTIFICATE OF SERVICE
## CM/ECF – Mixed Service

I hereby certify that on February 18th, 2014 I electronically filed the Appellant's *Anders* Brief with the Clerk of Court using the CM/ECF System, which sent notice of such filing to the following registered CM/ECF user:

R. Andrew Bassford, Esquire
Assistant United States Attorney
P.O. Box 1709
Roanoke, Virginia 24008-1709

I further certify that on February 18th, 2014, I mailed a copy of the Appellant's *Anders* Brief by First-Class Mail, postage prepaid, to the following non-CM/ECF participant, Appellant Pierre L. Warren, and I informed Mr. Warren in writing of the right to file an *Anders Pro Se* Brief raising additional issues as well as the other *Anders v. California* requirements, addressed as follows:

Mr. Pierre L. Warren
Reg. #64596-050
Low Security Correctional Institution
P.O. Box 999
Butner, North Carolina 27509

/s/Daniel K. Dorsey_____
Daniel K. Dorsey

20